IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                              Case No. 06-50054-001 and 002

BAUDILIO CASTILLO and DONIS CASTILLO                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 5, 2006, a hearing was conducted pursuant to Fed. R. Crim. P. 44(c) regarding the joint representation of the defendants Baudilio Castillo and Donis Castillo, who are brothers, by their retained attorney, William Blair Brady.

At the hearing, the court explained the substance of Rule 44(c) and the defendants were advised of the right to effective assistance of counsel, including separate representation. Defendants were further advised of the potential for conflict when two or more defendants are represented by the same attorney and of the potential dangers of representation by counsel with a conflict of interest.

Mr. Brady advised the court that prior to the hearing he had conferred on several occasions with the defendants regarding their right to separate counsel and that, after considering the matter in depth, he and the defendants had determined that there was no conflict of interest requiring separate counsel. Mr. Brady explained that defendants have no varying defenses and that they are unified in a belief that neither of them has done wrong. Further, if found guilty, there would be no reason for varying arguments about the degree of participation. Defendants assented to Mr. Brady's assertions and indicated that their waiver to the right to separate representation was knowing and voluntary.

As there is good cause to believe no conflict of interest is likely to arise, I conclude that further measures are unnecessary or appropriate to protect each defendants's right to counsel. Accordingly, I recommend that no further action be taken in this matter and that Mr. Brady be allowed to continue to represent the defendants.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

DATED this 14th day of December 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE